**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1769
_____

VALENTIN COTOC-PEREZ,
Petitioner

v.

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of
The Board of Immigration Appeals
(Agency No. A070-894-189)
Immigration Judge: Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2017
_____

Before: SHWARTZ and ROTH, <u>Circuit Judges</u>, and PAPPERT, <u>District Judge</u>.[*]
(Opinion Filed: January 23, 2018)

_____

OPINION[**]
_____

---

[*] The Honorable Gerald J. Pappert, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

PAPPERT, District Judge.

Valentin Cotoc-Perez, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. The Immigration Judge concluded that the motion was untimely and failed to satisfy certain exceptions to the time limitations governing such filings. The BIA agreed and dismissed Cotoc-Perez's appeal of the Immigration Judge's decision.

Cotoc-Perez argues that the BIA abused its discretion by failing to analyze his claims under the Convention against Torture ("CAT"). The BIA, having agreed with the Immigration Judge that the motion was untimely, was procedurally barred from reviewing the underlying merits of the CAT claim. We accordingly deny the petition.

I

Cotoc-Perez entered the United States in November of 1992. On May 14, 1993, he submitted a request for asylum to the Immigration and Naturalization Service. After an interview with an asylum officer on September 13, 2005, his claim was referred to the Immigration Court. The Department of Homeland Security subsequently filed a notice to appear, charging Cotoc-Perez as removable for being present in the United States without having been admitted or paroled, or arriving at a time or place other than as designated by the Attorney General. Cotoc-Perez conceded the removability charge and at a hearing on September 27, 2006, his attorney withdrew his asylum application. On October 10, 2007, the Immigration Judge granted Cotoc-Perez voluntary departure and ordered him to leave the United States on or before February 7, 2008. Cotoc-Perez, however, did not do so

and on October 9, 2015 filed through new counsel his motion to reopen his removal proceedings.

## II

An alien may file one motion to reopen proceedings within 90 days of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There are exceptions to this time-bar, two of which are relevant to this case. A petitioner may seek to equitably toll the 90-day deadline if he alleges ineffective assistance of counsel and exercises due diligence in pursuing that claim. *Mahmood v. Gonzales*, 427 F.3d 248, 251 (3d Cir. 2005). A petitioner may also seek an exception to the time-bar where there was a material change in country conditions between the time he appeared before the Immigration Judge and the time he filed a motion to reopen. *See Bamaca-Cifuentes v. Att'y Gen. of U.S.*, 870 F.3d 108, 111 (3d Cir. 2017); *see also Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007). To satisfy this exception, a petitioner must provide evidence that "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Cotoc-Perez filed his motion to reopen eight years after the October 10, 2007 final administrative order, making it untimely. He therefore argued in the Immigration Court that both the ineffective assistance of counsel and changed country conditions exceptions applied.

Cotoc-Perez contended that his attorney was ineffective because he withdrew the asylum petition at the September 2006 immigration hearing without Cotoc-Perez's consent, preventing a hearing on the merits of the asylum claim. He separately claimed

3

that increased gang activity and violence in Guatemala constituted changed country conditions. Cotoc-Perez also argued that if his motion to reopen was granted, he could establish that he qualifies for asylum, withholding of removal, and relief under the CAT. In support of that argument, he provided evidence of harm that he and members of his family faced in Guatemala in the 1980s and when he returned to Guatemala in June 2000.

On December 15, 2015, the Immigration Judge denied Cotoc-Perez's motion. He declined to reopen the case based on Cotoc-Perez's ineffective assistance of counsel claim because Cotoc-Perez failed to satisfy the necessary procedural requirements required by the BIA in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988) and the substantive requirements required by our decision in *Fadiga v. Attorney General of the United States*, 488 F.3d 142 (3d Cir. 2007). The judge found that Cotoc-Perez also failed to satisfy the due diligence requirement because he waited seven years to obtain new counsel and then waited another year to file his motion. The Immigration Judge also ruled that Cotoc-Perez failed to satisfy the requirements for the changed country conditions exception. The judge reviewed numerous articles and reports that Cotoc-Perez submitted with his motion, none of which contained information about the country conditions in October 2007, the time Cotoc-Perez was ordered to depart the country. The judge also stated that Cotoc-Perez was not *prima facie* eligible for asylum or withholding of removal.

Cotoc-Perez appealed the decision to the BIA. He argued that the Immigration Judge failed to conduct an analysis on his CAT claim and erred when determining that he did not satisfy the ineffective assistance of counsel and changed country conditions

4

exceptions to the time-bar. The BIA agreed that Cotoc-Perez failed to comply with the procedural and due diligence requirements for his ineffective assistance of counsel claim. The BIA also concurred with the Immigration Judge's finding that because Cotoc-Perez did not present any evidence of the conditions in Guatemala in October 2007, he failed to prove changed country conditions. Finally, the BIA stated that Cotoc-Perez did not establish *prima facie* eligibility for protection under CAT. Cotoc-Perez timely filed his petition for review.

## III

We have jurisdiction pursuant to 8 U.S.C. § 1252 and we review the BIA's denial of a motion to reopen for abuse of discretion. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). The BIA's decision may be reversed if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002). We review the BIA's legal conclusions *de novo* and treat factual determinations as conclusive "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001). Where the BIA specifically referenced the decision of the Immigration Judge, the Court may also review those sections of the decision. *Li Hua Yuan v. Att'y Gen. of U.S.*, 642 F.3d 420, 425 (3d Cir. 2011).

In his petition, Cotoc-Perez argues that the BIA abused its discretion by failing to conduct a meaningful review of his CAT claim. (Pet. Br. at 5.) Specifically, he contends that the Immigration Judge failed to conduct any analysis of his CAT claim and the BIA failed to provide a meaningful discussion of the CAT claim on appeal. (Pet. Br. at 6–7.) Cotoc-Perez contends that because neither the Immigration Judge nor the BIA followed

the requirements for a CAT analysis set out in *Dutton-Myrie v. Att'y Gen. of U.S.*, 855 F.3d 509 (3d Cir. 2017), both erred as a matter of law. (Pet. Br. at 10.)

We are compelled to deny Cotoc-Perez's petition for three reasons. First, he does not argue to us that the BIA erred in concluding that he failed to show ineffective assistance of counsel. This issue has accordingly been waived. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (holding issues not raised in opening brief on appeal are waived). Second, Cotoc-Perez did not demonstrate that the BIA erred in finding that he has not shown a material change in country conditions after the final administrative decision in 2007. None of the documents he presented provide enough context to show he faces a greater likelihood of torture by gang members than in 2007. More specifically, there is no basis to evaluate the changed risk of violence to a non-gang member who disapproves of gang activity. He presented a 2015 article about a boy who was killed in Guatemala City for refusing a gang's order to kill a bus driver, but this tragic incident did not occur in the rural area from which Cotoc-Perez hails and is insufficient to show that violence has materially increased between 2007 and 2015. Also, Cotoc-Perez has not connected the prior experiences of his family members to the risk he claims to face. His experiences in the 1980s before leaving Guatemala do not show a change in circumstances between 2007 and 2015, and the end of the war in 1996 undercuts the relevance of those events to his claim for relief. Third, our precedential decision in *Bamaca-Cifuentes v. Attorney General of the United States* forecloses Cotoc-Perez's argument with respect to his CAT claim. 870 F.3d 108 (3d Cir. 2017).

In *Bamaca-Cifuentes*, the petitioners sought review of the BIA's decision denying their motion to reopen based on changed country conditions. *Id.* at 110. They claimed that the BIA abused its discretion in not analyzing the evidence purportedly supporting their claims for relief pursuant to the CAT. *Id.* at 111. By doing so, they "impl[ied] that the Board, when evaluating their untimely motion to reopen, should have ignored the time bar…and its exceptions, and proceeded directly to the merits of the underlying CAT claim." *Id.*

We held that the time-bar under 8 C.F.R. § 1003.2(c) applies to motions to reopen based on a request for withholding of removal under the CAT. *Id.* We stated that if the BIA had correctly concluded that the petitioners' motion was untimely and did not meet the changed country conditions exception, the Board was procedurally barred from examining the underlying merits of the petitioners' claim for withholding of removal under CAT. *Id.* at 112.

Since Cotoc-Perez has waived his ineffective assistance of counsel argument and failed to demonstrate that the BIA erred in finding that he has not shown a material change in country conditions, the BIA was accordingly procedurally barred from analyzing Cotoc-Perez's CAT claim and its failure to do so was not an abuse of discretion.